MR. CHIEF JUSTICE HASWELL,
dissenting:
I would affirm Adam Weinberger’s conviction of deliberate homicide in the killing of Floyd Azure.
The charge of which Adam Weinberger was convicted was Count II of the amended information. In pertinent part, the charge reads as follows:
“. . . the defendant committed the offense of deliberate homicide ... in that the death of Floyd Azure was caused while. . . the defendant, Adam Weinberger, was purposely and knowingly engaged in the attempted commission of the crime of aggravated assault, a felony, which involves the use or threat of physical force or violence upon Floyd Azure in violation of section 45-5-102(l)(b), MCA . . .”
Montana law defines deliberate homicide as criminal homicide “committed while the offender is engaged in . . . any . . . felony which involves the use or threat of physical force or violence against any individual.” Section 45-5-102(l)(b), MCA.
Attempted aggravated assault is a felony under Montana statutes. A felony is defined as “an offense in which the sentence imposed upon conviction is death or imprisonment in the state prison for any term exceeding 1 year.” Section 45-2-101(21), MCA. Aggravated assault is punishable by imprisonment in the state prison “for a term not less than 2 *133 years or more than 20 years” plus a permissive fine of not more than $50,000. Section 45-5-202(2), MCA. An attempt is punishable “not to exceed the maximum provided for the offense attempted.” Section 45-4-103(3), MCA.
In my view the record discloses substantial evidence that Adam Weinberger was engaged in attempted aggravated assault involving “the use or threat of physical force or violence” against Floyd Azure when Arrow Weinberger shot Azure.
The facts set forth in the majority opinion demonstrate a conflict, if not an animosity, between the two Weinbergers on the one hand and the victim and his wife on the other over the developing relationship between the Azures’ daughter and Adam Weinberger. These facts show an attempt by the parents to locate the Weinbergers and through them to ascertain the whereabouts of their daughter. They observed Adam on the Fort Kipp Road and attempted to follow him and stop him in a high speed chase but were unable to do so because Adam pulled into the passing lane and would not let them pass. Immediately thereafter, Adam was observed standing beside Arrow’s car talking to him. The hitchhiker, Hanzlick, testified that Adam, after talking to Arrow, said there might be a fight.
The victim pulled into the gas station in Culbertson. Arrow and Adam followed him and blocked him in. Adam got out of his car and told the victim to get his bat as Adam crossed to the pickup and grabbed the logger’s chain. Viewed in the light most favorable to the State, as we must when reviewing a conviction, the testimony of Rodney Azure indicates that Adam started swinging about three feet of doubled over chain “towards Scotty [the victim] I guess” but was prevented from hitting the victim by Rodney who was holding the other end of the chain. At that point Arrow Weinberger shot the victim in the heart area from a policeman’s stance.
Following the shooting, Adam said, “What do you expect? They were tailgating us.” In the deputy sheriff’s car after *134 the shooting, Adam said, “that’s one and four to go” apparently referring to the victim and his four sons.
The Montana statute on attempts provides that “[a] person commits the offense of attempt when, with the purpose to commit a specific offense, he does any act toward the commission of such offense.” Section 45-4-103(1), MCA. Adam’s purpose to commit an aggravated assault is proven by circumstantial evidence, viz., the conflict between Adam and the victim over Adam’s relationship with the victim’s daughter, the actions of Adam and Arrow Weinberger in following the victim into the service station and blocking his car from leaving the service station, Adam’s invitation to the victim to get out his bat, Adam’s attempt to use the doubled up logging chain as a weapon against the victim, Adam’s remark at the service station following the shooting, and his statement “that’s one and four to go” in the deputy sheriff’s vehicle.
The statutes defining aggravated assault as applied to this case provides:
“A person commits the offense of aggravated assault if he purposely or knowingly causes:
“(c) reasonable apprehension of serious bodily injury in another by the use of a weapon;” Section 45-5-202(l)(c), MCA.
The jury apparently considered that Adam purposely and knowingly caused a reasonable apprehension of serious bodily injury in the victim when Adam attempted to use a doubled up section of logging chain against the victim. The foregoing evidence is sufficient to establish a purposeful and knowing attempt by Adam to commit aggravated assault on the victim in my view. It is likewise sufficient to show Adam’s acts toward the commission of an aggravated assault within the purview of the attempt statute.
The foregoing evidence is likewise sufficient to show that the victim met his death as a result of the conduct of both Adam and Arrow acting in concert within the meaning of *135 State ex rel. Murphy v. McKinnon, quoted by the majority, and the guidelines set forth therein concerning the felony murder rule. The totality of the evidence in this case indicates to me a purposeful and knowing cold-blooded murder by Adam and Arrow acting in concert.
For the foregoing reasons I would affirm the verdict of the jury and the judgment entered thereon.
JUSTICES WEBER and GULBRANDSON concur in the foregoing dissent.